# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVION

IN RE:
ARCHIE L. HARRISON                           Case No. 8:05-bk-
GAIL D. HARRISON                             Chapter 13
    Debtors.
_____/

## CHAPTER 13 PLAN

The Debtors file this Chapter 13 Plan:

**A. CLASSIFICATION AND PROVISION FOR CLAIMS**

    1.   **Priority Claims**
The creditors are:

    a. **Trustee's Fee**: The Trustee's Fee shall be paid within the life of this Plan as a Priority Claim.

    b. **Debtors' Attorney**: Allowable attorney's fees for the Debtors' attorney shall be paid within the life of this Plan and shall be treated as an administrative expense.

    c. **Internal Revenue Service**: The Internal Revenue Service or any State or Local Government Taxing Authority shall be paid the full amount of any allowable secured claims plus interest within the life of this Plan. The Internal Revenue Service or any State or Local Government Taxing Authority shall be paid the full amount of any allowable Priority Unsecured Claim without interest within the life of this Plan. Any Non-Priority Unsecured Claims of the Internal Revenue Service or any State or Local Government Taxing Authority shall be treated as General Unsecured Claims for the purposes of distribution under this Plan.

    2.   **Secured Claims**

    a. **Cure arrearages and Retain Lien**
The following Creditors shall retain their liens and be paid in accordance with the terms of the note and security agreement by the Debtor(s) outside of this Plan. Any arrearages shall be cured through this Plan:

| Creditor: | Description and Value of Collateral: |
|---|---|
| **CHASE MANHATTAN MTG. CORP** | 1515 E. Ford St, Tampa, FL<br>Debtor's Homestead<br>Value $240,000.00 |
| **GTE FCU** | 1515 E. Ford St, Tampa, FL<br>Debtor's Homestead<br>Value $240,000.00 |
| **MacDill FCU** | 2001 Infiniti QX4<br>Value $14,000.00 |

| **MacDill FCU** | 2001 BMW 525i |
| --- | --- |
| | Value $15,000.00 |

### b. Payments of Secured Balance of Claim

The following Creditors shall retain their liens and be paid the full balance of the secured claim through this Plan:

| **Creditor:** | **Description and Value of Collateral:** |
| --- | --- |
| **NONE** | |

### c. Value Collateral

The Debtor(s) shall file a Motion to Value Collateral pursuant to 11 U.S.C. §506 with respect to the following Creditors. The Debtor(s) proposes to pay these Creditors the value of their collateral as determined by this Court or as set forth in the Proof of Claim. In addition, the Debtor(s) proposes to pay 6% interest on the secured obligations. These Creditors shall retain their liens until the value of their collateral plus interest is paid in full. The remaining balances owed shall be treated as general unsecured claims for the purposes of distribution under this Plan.

| **Creditor:** | **Description and Value of Collateral:** |
| --- | --- |
| **Best Buy Retail Svcs** | 52" TV |
| **Sunbelt Credit** | 32" TV, Ent. Center |

### d. Surrender/Abandon Property

The Debtor(s) shall surrender the collateral of the following Creditors in full satisfaction of the Secured Creditor's claim.

| **Creditor:** | **Description and Value of Collateral:** |
| --- | --- |
| **NONE** | |

### e. Avoid Lien

The Debtor(s) shall seek to avoid the lien of these Creditors and the balances owed shall be treated as general unsecured claims for the purposes of distribution under this Plan:

| **Creditor:** | **Description and Value of Collateral:** |
| --- | --- |
| **NONE** | |

### f. Other Treatment

**NONE**

## 3. Executory Contracts

### a. Assume Contract

The Debtor(s) assume the executory contracts of the following Creditors. These Creditors shall be paid in accordance with the terms of the contract by the Debtor(s) outside of this plan. Any arrearages may be cured through this Plan:

| **Creditor:** | **Type of Contract:** |
| --- | --- |
| **NONE** | |

**b. Reject Contract**

The Debtor(s) hereby reject the executory contracts of the following Creditors. The balances owed shall be treated as general unsecured claims for the purposes of distribution under this Plan.

**Creditor:**                           **Type of Contract:**

**NONE**

**4.    Student Loan Debts, Restitution, Insufficient Check Charges, Co-Signed Debts, Non-Dischargable Obligations**

The following unsecured creditors shall be paid outside this Plan:

**Creditor:**                           **Type of Contract:**

**None**

**5.    General, Unsecured Creditors**

The Debtor(s) shall pay unsecured creditors and the unsecured balances of secured creditors **20%** of the amount of their allowed claims in full settlement of their debts.

**B.    SUBMISSION OF FUTURE EARNINGS OR INCOME**

The Debtor(s) shall submit their future earnings or income to the Trustee as follows:  Debtor(s) shall pay the Trustee **$411.00** per month for **36** months or until the claims as provided for by this Plan are paid, if less than **60** months.  If the claims as provided in this Plan cannot be paid within 60 months, the payment shall be increased as ordered by this Court.  Payments to the Trustee shall commence within thirty days from the filing of the Petition or as ordered by this Court.

The Trustee shall pro rate and first apply all funds to cure the arrearages of the Secured Creditors, curing the arrearages of mortgages within 36 months of confirmation.  The Trustee shall then pro rate payments among the general unsecured creditors.  Title to the property of the estate shall revest in the Debtor(s) upon confirmation of this Plan.

C.  **PLAN SUMMARY**

The following summary is intended to provide an estimate of anticipated distributions pursuant to this proposed Chapter 13 Plan.  The actual distributions may vary based upon the claims filed and valuations of collateral.

| | CREDITORS | | | AMOUNT TO BE PAID |
|---|---|---|---|---|
| 1. | **Priority** | | | |
| | a. Attorney Fees | | $ | 1,500.00 |
| 2. | **Secured Creditors** | | | |
| | a. Chase Manhattan Mtg Corp (1st Mtg on H/S) | (arrears) | $ | 14,500.00 |
| | b. GTE FCU (2nd Mtg on H/S) | (arrears) | $ | 6,250.00 |
| | c. MacDill FCU | (o/s) | $ | 0.00 |
| | d. MacDill FCU | (o/s) | $ | 0.00 |
| | e. Best Buy Retail Services | (value) | $ | 200.00 |
| | f. Sunbelt Credit | (value) | $ | 100.00 |
| 3. | **Leases** | | | |
| | None | | $ | 0.00 |
| 4. | **Non-Dischargable Creditors** | | | |
| | None | | | |
| 5. | **Unsecured Creditors at (20%)** | | $ | 647.00 |
| | **SUBTOTAL** | | $ | 23,197.00 |
| 6. | **Trustee's Fee** | | $ | 1,450.00 |
| | **TOTAL AMOUNT** | | $ | 24,647.00 |
| **60 Months x $411.00 per month=** | | | **$** | **24,660.00** |
| Pre Confirmation: Chapter 13 Trustee | | | $ | 411.00 |
| Adequate Protection: | | | $ | |

# DECLARATION

We, **Archie and Gail Harrison**, Debtors in the above-styled case, declare under penalty of perjury that we have read the forgoing Chapter 13 Plan, and that it is true and correct to the best of our knowledge, information, and belief.

Dated: ___10/6/05_____         __/s/ Archie L. Harrison_____
                                                   **ARCHIE L. HARRISON**


                                                   __/s/ Gail D. Harrison_____
                                                   **GAIL D. HARRISON**